United States District Court
Southern District of Texas
**ENTERED**
July 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JERMAINE LEDAY, § § § *Plaintiff*, § § v. § § CARMAX BUSINESS SERVICES, LLC § D/B/A CARMAX AUTO FINANCE, § § *Defendant.* § § | CIVIL ACTION NO.: 4:24-CV-1804 |

## MEMORANDUM & RECOMMENDATION

This matter is before the Court on Plaintiff Jermaine Leday's Motion to Remand.[1] ECF 8. Having considered the pleadings, the parties' arguments, and the law, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **GRANTED** and this case be **REMANDED** to Harris County Court at Law No. 4.

**I.     Background**

Plaintiff, Jermaine Leday, alleges that he purchased a car from CarMax in 2021, paid a down payment, and agreed to finance the rest. ECF 8 at 2; ECF 1-3 at 3-6. He believed he had paid off the balance and the lien on the car had been released, but in January 2024 CarMax repossessed the vehicle. *Id.* On January 18,

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. ECF 2.

2024, Plaintiff, acting pro se, filed a "Petition for Injunctive Relief" in Harris County Civil Court at Law. Plaintiff's Petition seeks an injunction preventing CarMax from selling the repossessed car and requiring its return it to him and also alleges fraud and breach of peace during the repossession of the car. ECF 8 at 3; ECF 1-3 at 3-6. He seeks an unspecified amount of damages. *Id.* Plaintiff's initial petition asserts only state law claims and CarMax did not remove it to federal court within 30 days of receiving the pleading.

In April 2024, CarMax filed a third-party petition to join the repossession vendor DLT Recovery, LLC (DLT) to enforce an indemnity clause in their contract. ECF 8 at 3; ECF 1-3 at 101-06. Plaintiff responded by filing a motion to sever the claims against DLT. ECF 1-3 at 190-93. In the motion to sever, Plaintiff stated as follows:

> Plaintiff requests separately $250,000 per defendant severally and proportionately for liability and negligence in training, failure to report a crime, obstruction, kidnapping assault indemnity, breaches of implied or express warranty, breaches of the common law duty of good faith and fair dealing, "bad faith" cause of action, Civil Conspiracy 24.006(b), Organized Crimes, Violations of Texas Insurance Code., Bus Com code., Falsifying business records, Anti-Racketeering Act, forgery, fraud slander to title, Penal Code. 71.02, failure to train, Liability, failure to disclose, Libel, Slander, False Light, Loss of Services, Loss of Society, Ensuing Death, Assault, Aggravated Assault

*Id.* Notably, Texas Penal Code § 71.02 is titled "Engaging in Organized Criminal Activity." Plaintiff did not identify a federal statute as the source of any listed claim.

Plaintiff did not file an amended petition asserting the claims listed in the Motion to Sever.

Counsel for CarMax, apparently focused on the phrases "Organized Crime" and "Anti-Racketeering Act," sent Plaintiff an email on May 3, 2024 stating:

> Good afternoon. In the attached Motion to Sever that you filed yesterday, it appears that you are amending your pleadings to add certain claims, and that you are seeking the claims against CarMax to be tried in a separate lawsuit from the claims you are now asserting against DLT Recovery.
>
> For the sake of clarity, can you please confirm that you are pleading the following causes of action against Defendant CarMax Business Services LLC?
>
> 1. Negligence in training
> 2. Failure to report a crime
> 3. Obstruction
> 4. Kidnapping
> 5. Assault indemnity
> 6. Breach of express or implied warranty
> 7. Breach of common law good faith and fair dealing
> 8. Bad faith
> 9. Civil conspiracy
> 10. Racketeer influenced corrupt organizations/organized crime
> 11. Violation of the Texas Insurance Code
> 12. Violation of the Texas Bus. Comm. Code
> 13. Violation of Penal Code 71.02
> 14. Falsifying business records/Forgery
> 15. Fraud slander to title
> 16. Failure to train
> 17. Failure to disclose
> 18. Libel/Slander/False light
> 19. Loss of services
> 20. Loss of society
> 21. Ensuing death
> 22. Assault and aggravated assault.

ECF 1-5 at 3. The phrase "Racketeer influenced corrupt organizations" does not appear in Plaintiff's initial pleading or motion to sever. Despite that fact, the list of claims counsel for CarMax asked Plaintiff to confirm he was asserting included a claim, number 10, for "Racketeer influenced corrupt organizations/organized crime." As requested, Plaintiff responded to the email, parroting counsel's language and confirming that he was asserting the claims listed by CarMax's counsel. *Id.* at 2. CarMax, with DLT's consent, promptly removed the case to this Court asserting federal question jurisdiction. ECF 1; ECF 1-6; ECF 1-7. Plaintiff, now represented by Counsel, moves to remand this case to state court for lack of federal subject matter jurisdiction. ECF 8.

## II. Legal Standards

Federal jurisdiction is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). CarMax, as the party invoking this Court's removal jurisdiction, bears the burden of establishing the existence of federal jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). Any doubt regarding the propriety of removal should be construed strictly in favor of remand. *Id.*

"A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, and over cases where diversity of citizenship exists between the parties and the amount in controversy exceeds

$75,000, exclusive of interest and costs." 28 U.S.C. §§ 1331, 1332. Courts follow the "well-pleaded" complaint rule, which requires that a federal question must exist on the face of a plaintiff's complaint. *Wade v. City of Greenville Police Dep't,* No. 4:23-CV-00111-MPM-JMV, 2023 WL 7144805, at *1 (N.D. Miss. Oct. 31, 2023). If only state law causes of action are pleaded, no federal question jurisdiction exists. *Id*. (quoting *Gutierrez v. Flores,* 543 F.3d 248, 252 (5th Cir. 2008). For decades it has been well-settled law that a case may not be removed on the basis of a federal defense. *Parish of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 375 n.1 (5th Cir. 2021).

Pursuant to 28 U.S.C. § 1446(b), if the original pleading does not contain grounds for removal a suit can later be removed based on an amended pleading, motion, or other paper that makes the case removable. *Eggert v. Britton*, 223 F. App'x. 394, 396 (5th Cir. 2007). In order to trigger a new 30-day removal period, "[t]he 'other paper' must 'result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction.'" *Garcia v. State Auto Ins. Companies*, No. 7:23-CV-98, 2023 WL 3848390, at *2 (S.D. Tex. June 6, 2023) (citing *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000)). In addition, the information supporting removal in an amended pleading, motion, or other paper must be "unequivocally clear and

5

certain." *Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 368 (5th Cir. 2021); *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

### III. Analysis

#### A. Removal was improper because Plaintiff did not voluntarily file "other paper" that clearly and unequivocally demonstrates a federal claim.

CarMax's Notice of Removal represents that Plaintiff's motion to sever is "deemed an amended pleading," but that even if it were not, it constitutes "other paper" establishing that the case is removable. ECF 1 at ¶ 4. CarMax argues that it properly removed this case because Plaintiff confirmed in writing that he was asserting a federal claim of "Racketeer influenced corrupt organizations," otherwise known as RICO. ECF 11. In support of its assertion of federal question jurisdiction, CarMax's Notice of Removal states:

> There is no private right of action for racketeering in Texas, other than for the trafficking of persons, which is not at issue in this case. Given Plaintiff's response confirming that he (a private citizen) asserts a cause of action for organized crime and racketeering, Plaintiff *must be asserting* a claim under the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*. ("RICO").

ECF 1 at ¶ 7 (emphasis added). As set forth in the Legal Standards section above, a new 30-day removal period is not triggered by a plaintiff's amended pleading, motion, or "other paper" unless it resulted from a voluntary act of the plaintiff which gives the defendant notice of changed circumstances. *Garcia*, 2023 WL 3848390, at *2. Furthermore, the information in the "other paper" which supports removal

6

must be unequivocally clear and certain. *Id*. Here, CarMax cannot demonstrate a voluntary act of the Plaintiff by which he provided unequivocally clear and certain information that supports federal question jurisdiction.

Plaintiff did not file an amended petition in state court; therefore CarMax's removal was based on "other paper" comprised of Plaintiff's motion to sever and/or by Plaintiff's response to defense counsel's May 3, 2024 email. First, the Motion to Sever does not contain unequivocally clear and certain information that supports federal question jurisdiction. The motion to sever listed multiple claims in connection with Plaintiff's request for $250,000 in damages and did not identify any federal claim or statute. The fact that the motion to sever did not clearly and unequivocally support federal jurisdiction is established by the fact that counsel sent Plaintiff an email asking him to confirm the claims Plaintiff intended to assert if permitted to file an amended pleading.

Next, Plaintiff's email response, listing his potential claims in the exact language used by defense counsel, and not the language used in his motion to sever, does not constitute a voluntary act which apprised Defendant of new information in support of federal jurisdiction. Plaintiff's email response was provoked and influenced by defense counsel's wording of claims that defense counsel asked Plaintiff to confirm. Plaintiff never voluntarily asserted a federal claim. In fact, Plaintiff maintains that his references to "organized crime" in his motion to sever

referred to Texas criminal statutes that he now realizes do not provide a private right of action. Therefore, CarMax's removal hinges on Plaintiff's email response affirming that he was asserting the claims identified by CarMax's counsel.

The Fifth Circuit has approved removal based "other paper" consisting of correspondence between parties. *Eggert v. Britton*, 223 F. App'x 394, 396–97 (5th Cir. 2007) (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir.2000) and *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996)). However, the Fifth Circuit has never approved of removal based on "other paper" which involved circumstances like the ones in this case. For example, in *Eggert*, the Fifth Circuit recognized that most often courts look to "other paper" as supporting removal when, in a case involving diversity jurisdiction, the plaintiff did not allege an amount in controversy. *Id.* at 397. In *Addo*, the Fifth Circuit recognized counsel's post-complaint demand letter seeking more than $75,000 as "other paper" authorizing removal based on diversity jurisdiction. 230 F.3d at 762-63. Likewise, in *S.W.S. Erectors, Inc.*, deposition testimony establishing the amount in controversy constituted other paper authorizing removal based on diversity jurisdiction. 72 F.3d at 494. Unlike removal in diversity cases based on "other paper," removal asserting federal question jurisdiction based on "other paper," most often occurs when the "other paper" establishes that plaintiff's state law claim is preempted by federal law.

*Eggert*, 223 F. App'x at 397 (citing cases). This case does not involve a state law claim preempted by federal law.

Instead, this case presents a situation similar to the one at issue in *Eggert*. The plaintiff in *Eggert* sued a Judge and police officers for false imprisonment and intentional infliction of emotional distress. *Id.* at 396. The defendants sent Eggert interrogatories asking if he was asserting claims under the United States Constitution. *Id.* In response, Eggert produced a document entitled "Statement of Privilege" that included a statement that the defendants violated plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendment rights. *Id.* Defendants removed the case asserting federal question jurisdiction. *Id.* The Fifth Circuit rejected reliance on the "Statement of Privilege" as a grounds for removal, holding:

> The alleged constitutional claims raised in the "Statement of Privilege" do not appear in the pleadings; they also do not clarify any possible federal nature of the claims made in the pleadings. Additionally, Eggert's statement does not allege a colorable claim, such as a § 1983 claim, and because the "Statement of Privilege" was not filed by Eggert, there is no reason to construe the document as amending his complaint.

*Id.* at 398. The Fifth Circuit's decision in *Eggert* considered the plaintiff's lack of legal knowledge when determining that he had not alleged a colorable federal claim in his interrogatory responses. *Id.* ("Eggert nonsensically asserted the investigative and work product privileges, indicating that Eggert, a pro se plaintiff, did not really understand the nature of his response. Eggert's response could not fairly be understood to assert a claim under § 1983."). Similarly, in *Trotter v. Steadman*

9

*Motors, Inc.*, 47 F. Supp. 2d 791, 793 (S.D. Miss. 1999), a decision that was discussed with approval in *Eggert*, the district court held that removal was improper because the federal question was "injected in the case solely in deposition testimony [and] the putative federal claim simply does not exist as a cognizable claim in the case." In this case, the assertion of a federal RICO claim under the facts alleged in Plaintiff's petition is nonsensical. *See* ECF 8 at 7-8 (explaining why this case "comes nowhere close to a RICO violation"). This case falls within the Fifth Circuit's interpretation of its decision in *Eggert* as discussed in *Ngo v. PM/CTS, LLC*, No. 4:15-CV-1644, 2015 WL 5458598, at *3 (S.D. Tex. Sept. 15, 2015). In *Ngo*, the Fifth Circuit interpreted its holding in *Eggert* to mean that where the only references to federal law appear in "other paper" that does not "clarify any possible federal nature of the claims made in the pleadings," removal of the case is "inconsistent with the well-pleaded complaint rule and the intent of § 1446(b)."

Moreover, CarMax did not act reasonably in removing the case based on its presumption that, because there is no state civil equivalent to RICO, Plaintiff must be asserting a federal RICO claim. A defendant is not entitled to remove a case based on a presumption that a plaintiff seeks federal relief because the nature of his allegations and damages sought are inconsistent with state law. *See Wade v. City of Greenville Police Dep't*, No. 423CV00111MPMJMV, 2023 WL 7144805, at *2 (N.D. Miss. Oct. 31, 2023) (defendant cannot remove case based on presumption

plaintiff intended to sue under 42 U.S.C. § 1983). A pro se plaintiff's assertion of claims that are not cognizable under state law, when the pro se plaintiff completely lacks legal knowledge or expertise, does not constitute artful pleading designed to avoid federal jurisdiction. *Id.* In this case, Plaintiff's listing of organized crime and anti-racketeering in his Motion to Sever, along with violation of Texas Penal Code § 71.02, supports only a reasonable presumption that Plaintiff did not understand that the Texas Penal Code does not provide a private cause of action in a civil case. Indeed, Plaintiff's Affidavit now confirms that he did not realize he could not sue under the Texas Penal Code provisions. ECF 8-1. The Court recommends that Plaintiff's Motion to Remand be granted because no federal claim has been asserted in any pleading, motion, or "other paper" and therefore no federal question provides subject matter jurisdiction.

### B. Plaintiff is entitled to attorney fees because CarMax's decision to remove was not objectively reasonable.

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests an award of attorney's fees of $1,600 incurred as a result of CarMax's improper removal. ECF 8 at 8-9. Plaintiff has submitted the Affidavit of Thomas H. Smith III as evidence of the reasonableness of the requested fee. ECF 8-3.

A court has discretion to award attorney's fees when the decision to remove was not predicated on an objectively reasonable basis. *Ngo v. PM/CTS, LLC*, No. 4:15-CV-1644, 2015 WL 5458598, at *4 (S.D. Tex. Sept. 15, 2015). An award of

attorney's fees is not a sanction and a showing of bad faith is not required. *Id*. In *Ngo,* as here, the defendant moved to remove the case based on the "other paper" provision. *Id.* at 2. The *Ngo* court, following *Eggert*, found an award of attorney fees appropriate because it was objectively unreasonable for defendant to remove on grounds that an "other paper" injected a federal claim into the case where no pleading asserted a federal claim and the other paper did not clarify the removability of an existing claim. *Id.* at 3.

The Court finds that an award of attorney's fees is appropriate here for the same reason as in *Ngo*. The Court further finds that $1,600 is a reasonable attorney's fee award.

### IV. Conclusion

For these reasons, the Court RECOMMENDS the Plaintiff's Motion to Remand (ECF 8) be granted and this case be remanded to Harris County Court of Law No. 4, in Harris County, Texas. Additionally, the Court RECOMMENDS Plaintiff be awarded $1,600 in attorney's fees incurred in filing the Motion to Remand.

The Clerk of Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, under 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual

findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 01, 2024, at Houston, Texas.

                                              Christina A. Bryan
                                     United States Magistrate Judge